# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TOSCAR SMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )     No. 18-2876-JDT-cgc |
| | ) |
| MEDICAL DEPARTMENT AT THE | ) |
| SHELBY COUNTY CRIMINAL | ) |
| JUSTICE CENTER, | ) |
| | ) |
|     Defendant. | ) |

## ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On December 26, 2018, Plaintiff Toscar Smith, who is incarcerated at the Shelby County Criminal Justice Center (Jail) in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order granting Smith leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4). The Clerk shall record the Defendant as the Medical Department at the Jail.

    In its entirety, the complaint alleges:

On 6-28-18 I came to SCJ with medical issues. I was told to fill out sick call. 6-30-18, 7-4-18, 7-18-18, 7-23-18, 8-3-18 I was seen by the provider who told me I would be seen by the doctor. 9-9-18, 9-20-18, 9-28-18 I filed a grievance with the jail. 10-5-18 I seen the doctor. Had a x-ray and MRI done. Damage to the [k]nee was found. I was placed in a wheel chair and

> given a [k]nee stabilizer. On 11-9-18 my wheel chair was took my pain meds stopped and I was placed in population with just the brace.

(ECF No. 1 at 2.) Smith seeks monetary damages, medical care, resumption of his pain medication, the return of his wheelchair and placement in the wheelchair accessible portion of the Jail. (*Id.* at 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.

R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Smith filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Smith has not identified any specific person who allegedly violated his constitutional rights, and the Medical Department of the Jail is not a suable entity. Instead,

3

any claims purportedly brought against the Medical Department as a whole would properly be construed either as claims against Shelby County itself, if those employed in the Medical Department are county employees, or as claims against any private company that supplies medical personnel for the Jail, if medical services are provided by contract.

In order to state a claim against either Shelby County or a private medical services provider, Smith must allege that any constitutional violation was caused by an official policy or custom. *See Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."); *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) ("To prevail in a § 1983 claim against [a private company providing prison services], Braswell must show that a policy or well-settled custom of the company was the 'moving force' behind" any alleged constitutional deprivation.). There are no such allegations in this case.

For these reasons, Smith's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246

F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Smith should be given an opportunity to amend his complaint.

In conclusion, Smith's complaint is DISMISSED for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b(1). However, Smith is GRANTED leave to file an amended complaint. Any amendment must be filed within twenty-one days after the date of this order. Smith is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Smith fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

      s/ **James D. Todd**
      JAMES D. TODD
      UNITED STATES DISTRICT JUDGE